Stephen ROSSI, Plaintiff–Appellant,

v.

WEST HAVEN BD OF ED, George Palermo, Ronald Stancil, Defendants–Appellees.

No. 05–1480–CV.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Stephen Rossi, West Haven, CT, pro se.

Warren Holcomb, Berchem, Moses & Devlin, P.C., Milford, CT, for Appellees.

Present GUIDO CALABRESI, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, J.), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Rossi appeals from a decision of Judge Kravitz in the District of Connecticut, which granted summary judgment to the West Haven Board of Education, George Palermo and Ronald Stancil (col-lectively, "Appellees") on Rossi's civil rights claims. We assume the parties' familiarity with the evidence in the record and the procedural history of the case.

We review *de novo* a district court's decision to award summary judgment, *Doro v. Sheet Metal Workers' Intern. Ass'n,* 498 F.3d 152, 155 (2d Cir.2007), which is appropriate only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Rossi contends that, after determining that he had stolen and distributed prescription drugs, Appellees singled him out and punished him more severely than other students who were disciplined for similar drug infractions. On the basis of this alleged disparate treatment, he brings a "class of one" equal protection claim under the Fourteenth Amendment. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

To prevail on the merits of a "class of one" suit, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high," *Neilson v. D'Angelis,* 409 F.3d 100, 104 (2d Cir.2005). A plaintiff relying solely on such similarity, rather than on plaintiff's membership in a protected class, must show, among other things, that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Id.* at 105. We find that no reasonable jury could conclude that any of the comparators upon whom Rossi relies is so similar as to meet this stringent test.

Accordingly, the judgment of the district court is **AFFIRMED.** Appellees' motion to strike is **DISMISSED** as moot.